IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE AND JOHN DOE, as Next Friends of JANE DOE II, a Minor,<br><br>*Plaintiffs,*<br><br>v.<br><br>FOUNDING FOURTEEN, INC., *et al.*,<br><br>*Defendants*. | Civil Action File No.:<br><br>1:23-cv-2666-SCJ |

## Joint Preliminary Report and Discovery Plan

1. **Description of Case:**

    a. Describe briefly the nature of this action.

    **This case involves Plaintiffs' allegations of grooming, sexual harassment, sexual molestation, and sexual assault arising from the conduct of a teacher previously employed by Defendant Founding Fourteen, Inc. toward Plaintiff Jane Doe II, a minor. Plaintiffs bring this action under Title IX of the Education Amendments Act of 1973, 20 U.S.C. § 1681, 42 U.S.C. § 1983, O.C.G.A. § 9-3-33.1, and Georgia negligence law.**

    b. Summarize the facts of this case. The summary should not be argumentative nor recite evidence.

**For the Plaintiffs:**

Minor Plaintiff Jane Doe II attended Fulton County's charter school Fulton Academy of Science and Technology ("FAST"), operated by Defendant Founding Fourteen, Inc., from August 2017 through December 2019. During this time, Minor Plaintiff Jane Doe II was groomed, harassed, and sexually molested by serial predator Robert Vandel, a FAST science teacher. Mr. Vandel had a well-established and documented work history of sexual harassment and abuse of middle school students prior to his employment at FAST. Mr. Vandel has since pled guilty to, and has been convicted for, molesting Minor Plaintiff Jane Doe II. Plaintiffs have brought federal (Title IX and § 1983) and state law claims against Defendants Founding Fourteen, Inc. and former FAST principals Annette Higgins and Stan Beiner based on their failures to protect Minor Plaintiff Jane Doe II from being sexually abused at school.

**For the Defendants:**

Founding Fourteen, Inc. is a charter school in Fulton County that does business as, and operates, the Fulton Academy of Science and Technology ("FAST").  Robert Vandel was hired by FAST as a teacher in the summer of 2017.  Jane Doe II was a student at FAST through December 2019 when she left

the school. Defendants have denied Plaintiffs' assertions regarding their alleged knowledge of, acquiescence in, or responsibility for, Vandel's alleged conduct. Defendants have also filed a motion to dismiss that details the myriad ways in which Plaintiffs' claims fail to state a claim against them as a matter of law, and that confirms their entitlement to official and qualified immunity.

    c. The legal issues to be tried are as follows:

(1) Whether Defendants' alleged knowledge of and deliberate indifference to Mr. Vandel's alleged past and ongoing sexual harassment of young female students denied Minor Jane Doe II of equal access to an education and/or violated her Equal Protection rights.

(2) Whether Defendants violated Minor Jane Doe II's right to liberty and bodily security, depriving her of substantive due process under the Fourteenth Amendment.

(3) Whether Defendants negligently hired, supervised, and/or retained Mr. Vandel as a teacher at FAST during the time he allegedly sexually molested Minor Jane Doe II.

(4) Whether Plaintiffs are entitled to recover damages and attorneys' fees and costs based on Defendants' conduct?

      **(5) Whether FAST violated Title IX of the Civil Rights Act.**

      **(6) Whether Defendants are entitled to sovereign, official, and/or qualified immunity.**

      **(7) Plaintiffs contend an additional legal issue to be tried is whether Defendant Founding Fourteen, Inc. is vicariously liable for Mr. Vandel's illegal conduct toward Minor Jane Doe II. Defendants deny that vicarious liability is a legal issue to be tried.**

    d. The cases listed below (include both style and action number) are:

        i. Pending Related Cases: **A case with some overlapping issues is currently pending in this district:** *Jane Doe, et al. v. Fulton County Schools, et al.*, **Civil Action File No. 1:23-cv-00799-JPB.**

        ii. Previously Adjudicated Related Cases: **N/A**

2. This case is complex because it possesses one or more of the features listed below (please check):

   ☐ (1) Unusually large number of parties
   ☐ (2) Unusually large number of claims or defenses
   ☐ (3) Factual issues are exceptionally complex
   ☒ (4) Greater than normal volume of evidence
   ☒ (5) Extended discovery period is needed
   ☒ (6) Problems locating or preserving evidence
   ☐ (7) Pending parallel investigations or action by government
   ☐ (8) Multiple use of experts
   ☐ (9) Need for discovery outside United States boundaries
   ☐ (10) Existence of highly technical issues and proof
   ☐ (11) Unusually complex discovery of electronically stored information

3.  **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:

>   **MICHAEL J. MOORE**
>   **Georgia Bar No. 520109**
>   **AIMEE J. HALL**
>   **Georgia Bar No. 318048**
>   **MOORE HALL, LLC**
>   **3630 Peachtree Road NE, Suite 1025**
>   **Atlanta, Georgia 30326**
>   **(404) 882-2960**
>   **mjmoore@moorehall.com**
>   **ajhall@moorehall.com**
>
>   **BRIAN SPEARS**
>   **Georgia Bar No. 670112**
>   **JEFF FILIPOVITS**
>   **Georgia Bar No. 825553**
>   **SPEARS & FILIPOVITS, LLC**
>   **315 W. Ponce de Leon Ave., Ste. 865**
>   **Decatur, GA 30030**
>   **404-905-2225**
>   **jeff@civil-rights.law**
>   **bspears@civil-rights.law**

Defendants:

>   **MATTHEW S. COLES**
>   **Georgia Bar No. 178020**
>   **THOMAS M. BARTON**
>   **Georgia Bar Number 040821**
>   **AARON P.M. TADY**
>   **Georgia Bar Number 696273**

        **COLES BARTON, LLP**
        **150 South Perry Street, Suite 100**
        **Lawrenceville, Georgia 30046**
        **(770) 995-5552**
        **mcoles@colesbarton.com**
        **tbarton@colesbarton.com**
        **atady@colesbarton.com**

4. **Jurisdiction:**

   Is there any question regarding this Court's jurisdiction?

   ☐ Yes      ☒ No

5. **Parties to This Action:**

   a. The following persons are necessary parties who have not been joined:

   **N/A**

   b. The following persons are improperly joined as parties:

   **N/A**

   c. The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   **N/A**

   d. The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

a. List separately any amendments to the pleadings that the parties anticipate will be necessary:

**None are anticipated at this time.**

b. Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

a. *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

b. *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

c. *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

d. *Motions objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**No party objects to initial disclosures. Initial Disclosures are to be served within fourteen days following the filing of an answer by any Defendant.**

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties have requested an eight-month period for discovery given, among other things, the significant number of non-party depositions that are expected. The parties do not request a scheduling conference at this time if the Court approves that request.**

10. **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties believe discovery will be needed regarding the allegations and issues raised in Plaintiffs' Complaint, Plaintiffs' alleged damages, and the defenses to be asserted in Defendants' Answer. The parties reserve the right to pursue discovery on additional subjects, as necessary, in compliance with the Federal Rules of Civil Procedure.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited or focused upon particular issues, please state those reasons in detail below:

**The parties anticipate extensive electronic discovery that will be complicated by privacy concerns of non-parties. The parties also anticipate several dozen depositions, almost all of which will involve non-parties. Therefore, the parties request an 8-month discovery period.**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

    a. What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

       **The parties agree that discovery material (both requests and responses) may be served via electronic means and that neither party requires service via U.S. mail. The parties agree that they will share an obligation to acknowledge receipt of any emailed discovery by responding to any email that contains discovery requests or responses. The parties further agree that, for any discovery served via electronic means, three days shall be added to the time for any necessary response as set forth in Fed. R. Civ. P. 6(d).**

       **The parties agree that whenever a party receives materials from third parties in response to either an open records act request or a third party subpoena, that such party receiving the materials shall promptly provide a copy of said response to the other party.**

       **The parties agree to promptly share any discovery materials [in electronic form] obtained from through the use of either subpoenas or requests to produce.**

    b. Is any party seeking discovery of electronically stored information?

☒ Yes        ☐ No

If "yes,"

    i. The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties will reasonably restrict any request for electronically stored information by date, subject matter, search terms, author, recipient, or the like.**

    ii. The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties may produce electronic information in PDF format. The parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native and unaltered format, which preserves all metadata and other information.**

**For any data that cannot be exported in PDF or native format, that data should be exported to a CSV or plain text file, which preserves all data, unless an alternative format is otherwise agreed to by the parties. For any electronic evidence which requires a proprietary or specialized software to view or play (*e.g.*, video evidence), the parties agree to produce a copy of that software.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:**

   What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

   **Defendants consent to the grant of Plaintiffs' pending Motion for Leave to Proceed Under Fictitious Name.**

13. Settlement Potential:

   a. Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **December 22, 2023**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): */s/ Michael J. Moore*

Other participants: **Aimee J. Hall**
               **Brian Spears**

For defendant: Lead counsel (signature): */s/ Tom Barton*

Other participants: **Aaron Tady**

   b. All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears there is now:

   ☐ A possibility of settlement before discovery.
   ☒ A possibility of settlement after discovery.
   ☐ A possibility of settlement, but a conference with the judge is needed.
   ☐ No possibility of settlement.

   c. Counsel ☒ do or ☐ do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **no later than the close of the discovery period**.

d.  The following specific problems have created a hindrance to settlement of this case.

   **N/A**

14. **Trial by Magistrate Judge:**

   Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

   a. The parties ☐ do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____, of 2023.

   b. The parties ☒ do not consent to having this case tried before a magistrate judge of this Court.

   Respectfully submitted this 8th day of January, 2024.

| **MOORE HALL, LLC** | **COLES BARTON LLP** |
|---|---|
| /s/ Michael J. Moore | /s/ Thomas M. Barton |
| MICHAEL J. MOORE | MATTHEW S. COLES |
| Georgia Bar No. 520109 | Georgia Bar Number 178020 |
| AIMEE J. HALL | THOMAS M. BARTON |
| Georgia Bar No. 318048 | Georgia Bar Number 040821 |
| **MOORE HALL, LLC** | AARON P.M. TADY |
| 3630 Peachtree Road NE, Suite 1025 | **COLES BARTON, LLP** |
| Atlanta, Georgia 30326 | Georgia Bar Number 696273 |
| (404) 882-2960 | 150 South Perry Street, Suite 100 |
| mjmoore@moorehall.com | Lawrenceville, Georgia 30046 |
| ajhall@moorehall.com | (770) 995-5552 |
| | Mcoles@colesbarton.com |
| BRIAN SPEARS | Tbarton@colesbarton.com |
| Georgia Bar No. 670112 | Atady@colesbarton.com |
| JEFF FILIPOVITS | |

Georgia Bar No. 825553
**SPEARS & FILIPOVITS, LLC**
315 W. Ponce de Leon Ave., Ste. 865
Decatur, GA 30030
404-905-2225
jeff@civil-rights.law
bspears@civil-rights.law

*Attorneys for Defendants*

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE AND JOHN DOE, as Next Friends of JANE DOE II, a Minor,<br><br>*Plaintiffs,*<br><br>v.<br><br>FOUNDING FOURTEEN, INC., *et al.*,<br><br>*Defendants.* | Civil Action File No.:<br><br>1:23-cv-2666-SCJ |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, and holding a Scheduling Conference on December 22, 2023, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

1. Initial Disclosures shall be served within fourteen days following the filing of an answer by any Defendant;

2. This case shall be on an eight-month discovery track, which shall commence thirty days following the filing of an answer by any Defendant.

IT IS SO ORDERED, this ___ day of _____, 2024.

                                                                              _____
                                                                              THE HONORABLE STEVE C. JONES
                                                                              UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF COMPLIANCE**

Pursuant to N.D. Ga. L.R. 7.1(D), counsel for Plaintiff hereby certifies that this document has been prepared with Times New Roman (14 point) font, which font has been approved under L.R. 5.1(C).

                                        */s/ Michael J. Moore*
                                        MICHAEL J. MOORE
                                        Georgia Bar No. 520109
                                        **MOORE HALL LLC**
                                        3630 Peachtree Road NE, Suite 1025
                                        Atlanta, Georgia 30326
                                        (404) 882-2960
                                        mjmoore@moorehall.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2024, I electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the Court's CM/ECF system, which will automatically send notification of such filing to all counsel of record.

*/s/ Michael J. Moore*
MICHAEL J. MOORE
Georgia Bar No. 520109
**MOORE HALL LLC**
3630 Peachtree Road NE, Suite 1025
Atlanta, Georgia 30326
(404) 882-2960
mjmoore@moorehall.com