IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE and JOHN DOE, *as next friend* JANE DOE II, *a minor*  <br><br>    Plaintiffs,  <br><br>v.  <br><br>FOUNDING FOURTEEN, INC, ANNETTE HIGGINS, *In Her Individual Capacity*, & STAN J. BEINER, *In His Individual Capacity*,  <br><br>    Defendants. | CIVIL ACTION FILE  <br><br>No. 1:23-CV-02666-SCJ |

### ORDER

This matter appears before the Court on Plaintiffs' Motion for In Camera Review of Certificate of Interested Persons and Corporate Disclosure Statement (Doc. No. [3]) and Plaintiffs' Motion to Proceed Under Fictitious Name by John Doe and Jane Doe (Doc. No. [33]).[1] These motions relate to one another in

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

the sense that they both involve Plaintiffs seeking to proceed in this case without disclosing their identities in order to protect their minor child, Jane Doe II, on behalf of whom they assert claims. See generally Doc. Nos. [3]; [33].

Generally, all pleadings filed in federal court must "name all the parties[.]" Fed. R. Civ. P. 10(a); see also Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011) (discussing the "public's legitimate interest in knowing all of the facts involved, including the identities of the parties" (quoting Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992)) and the named defendants' "right to know who their accusers are"). "Nonetheless, the rule is not absolute." Id. If the party seeking to proceed anonymously has a privacy interest that overrides the "presumption of openness in judicial proceedings," then the Court can grant the party permission to proceed under a fictitious name. Id. at 1315–16 (quoting Frank, 951 F.2d at 323). The Eleventh Circuit has approved of parties proceeding anonymously when cases involve governmental activity, the disclosure of information of "utmost intimacy," or would require admitting to illegal conduct and risk of criminal prosecution. Id. at 1316.

Here, Plaintiffs rely on the second of these circumstances: cases involving disclosure of information of utmost intimacy. The allegations in Plaintiffs

amended complaint involve sexual harassment by a teacher associated with Defendants against Plaintiffs' daughter, Jane Doe II. The Court concludes that Plaintiffs have asserted a substantial privacy right to proceed anonymously given that "the issues involved are matters of a sensitive and highly personal nature" (that also involve a minor child) so that "the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" Id. at 1316–17 (quoting S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712–13 (5th Cir. 1979)).

Hence, the Court **GRANTS** Plaintiffs' Motion to Proceed Under Fictitious Name. Doc. No. [33]. For the same reasons, moreover, the Court will allow Plaintiffs to **file their certificate of interested persons under seal** in order to protect the identities of the persons identified. Plaintiffs' Motion for In Camera Review of the Certificate of Interested Persons and Corporate Disclosure Statement is thereby **GRANTED**.[2] Doc. No. [3]. The Court **ORDERS** Plaintiffs filed their Certificate of Interested Persons in accordance with Local Rule 3.3

---

[2] The Court finds that having Plaintiffs file their certificate under seal has the same effect as filing it for in camera review.

within **five (5) days** from the date of this Order. The Clerk is further **DIRECTED** to **SEAL** Plaintiff's Certificate of Interested Persons once filed.

IT IS SO ORDERED this ___9th___ day of January, 2024.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE