IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE I and JOHN DOE, as Next Friends of JANE DOE II, a Minor,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FOUNDING FOURTEEN, INC., *et al.*,<br><br>　　　　Defendants. | Civil Action File<br><br>No. 1:23-cv-02666-SCJ |

**DEFENDANTS' RESPONSE TO MOTION TO**
**SUBSTITUTE JANE DOE II AS NAMED PLAINTIFF**

COME NOW Defendants Founding Fourteen, Inc., d/b/a Fulton Academy of Science and Technology ("FAST"), Annette Higgins ("Ms. Higgins"), and Stan Beiner ("Mr. Beiner") (sometimes collectively referred to herein as "Defendants"), and file this response to Plaintiffs motion to substitute Plaintiff Jane Doe II as a named plaintiff in this lawsuit.

Defendants do not oppose substituting Jane Doe II as the sole named plaintiff in this case. As noted in the Briefs supporting Defendants' Summary Judgment Motions, now that Jane Doe II has turned eighteen, she is the proper plaintiff, and John and Jane Doe I lack custodial standing to assert claims on her behalf.

-1-

Defendants do object, however, to Plaintiffs' efforts informally to "substitute" or "add" Plaintiff Jane Doe I and John Doe as individual parties to this action, after discovery is closed, and after dispositive motions have been filed, when they have only been pursuing claims as the parents and guardians of Jane Doe II. In Plaintiffs' amended complaint, they identified the following as the named Plaintiffs in the caption: "Jane Doe and John Doe, as Next Friends of Jane Doe II, a Minor." (Doc. 31, p. 1). Plaintiffs confirmed that they were pursuing claims only on behalf of Jane Doe II in the Amended Complaint's "Request for Relief" section, where they requested relief only for "Plaintiff" singular. (*Id.* at p. 33). In addition, in its Order on Defendants' motions to dismiss the Amended Complaint, the Court expressly noted in response to arguments raised by the Defendants in their motions that Plaintiffs Jane Doe I and John Doe were only asserting claims "on behalf of their minor child, Jane Doe II" and that the only claims that continued in the case were "for injuries suffered by Jane Doe II and asserted by her parents, Plaintiffs Jane Doe [I] and John Doe, on her behalf." (Doc. 51 p. 2 n.1, referring to Defendants' motions [Doc. Nos. 37, p. 12; 38, p. 13; 39, p. 15]).

In the parties' joint discovery plan, Plaintiffs indicated that there were no necessary parties that had not been joined, and that they had no intent to add any additional parties or to amend their complaint any further. (Doc. 49, pp. 6-7). Accordingly, once discovery began, Defendants relied on Plaintiffs' representations

that only Jane Doe II was pursuing claims in this case – with her parents asserting those claims on her behalf because, at that time, she was a minor.

At the conclusion of discovery, Defendants each moved for summary judgment on the presence of Jane Doe II's parents in the case as named plaintiffs, asking the Court to dismiss Jane Doe I and John Doe from the case because Jane Doe II is now an adult. (Doc. 92-1, pp. 19-20; Doc. 93-1, p. 25; Doc. 94-1, p. 19-20). Plaintiffs did not respond to that portion of Defendants' summary judgment motions. Pursuant to this Court's local rules, Plaintiffs' "failure to file a response [indicated] that there is no opposition to [that portion of] the motion." LR 7.1(B). Accordingly, the Court should reject Plaintiffs' belated attempt to assert new claims by Jane Doe I and John Doe—claims that were not brought in Plaintiffs' Amended Complaint—in a motion to substitute a named plaintiff filed after the discovery period has ended.

In their motion, Plaintiffs cite an unpublished Southern District of Georgia case to argue that Jane Doe I and John Doe can recover expenses they have incurred on Jane Doe II's behalf, while she was a minor. But that case is wholly inapposite. First, the order was issued in connection with a motion *in limine* – not a motion to add parties or amend a pleading to allow parents to assert claims on behalf of their now-adult child. Second, the decision is based on Georgia law because the plaintiffs in that case were pursuing state law claims, not federal civil rights claims. *See*

*Simmons by Simmons v. Nissan N. Am., Inc.* No. 2:06-cv-103, 2007 WL 9710845, at *2 (S.D. Ga. Aug. 10, 2007).  Accordingly, Plaintiffs have not cited any authority to support their assertion that Jane Doe I and John Doe should remain parties to this case.  In any event, their request to be informally "added" or "substituted" as parties contravenes this Court's prior ruling at the motion to dismiss stage and is untimely.  That portion of Plaintiffs' motion should be rejected.

## Conclusion

For the foregoing reasons, the Court should substitute Jane Doe II as the only plaintiff and dismiss Jane Doe I and John Doe from this case.

Respectfully submitted, this the 4th day of March, 2025.

**COLES BARTON LLP**

  /s/ Aaron P.M. Tady
Matthew S. Coles
Georgia Bar Number 178020
Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
mcoles@colesbarton.com
tbarton@colesbarton.com
atady@colesbarton.com                              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that today I electronically filed the within and foregoing document and have served all parties who have appeared in this case using the CM/ECF System, which will automatically generate an e-mail notification of such filing to all the attorneys of record listed with the Clerk of Court.

This also certifies that this document complies with this Court's rules regarding font type and size.

Respectfully submitted this the 4th day of March, 2025.

                                                  **COLES BARTON LLP**

                                                  */s/ Aaron P.M. Tady*
Matthew S. Coles
Georgia Bar Number 178020
Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273
*Attorneys for Defendants*

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
mcoles@colesbarton.com
tbarton@colesbarton.com
atady@colesbarton.com