IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE II,<br><br>    Plaintiff,<br><br>v.<br><br>FOUNDING FOURTEEN, INC., et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>No. 1:23-CV-02666-SCJ |

## ORDER

The claims here are ultimately **DISMISSED WITH PREJUDICE** after reviewing the summary judgment motions from, respectively, Defendants Annette Higgins, Stan J. Beiner, and Founding Fourteen, Inc. See Doc. No. [92] [1] (Higgins); Doc. No. [93], (Beiner); Doc. No. [94] (Founding Fourteen). But first, the Court resolves three matters.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

*First*, the Motion to Substitute Parties from Plaintiffs Jane Doe I and John Doe, individually and as next friends of Jane Doe II, a minor, is **GRANTED IN PART** and **DENIED IN PART**. Doc. No. [142]. It is **GRANTED** as to adding Jane Doe II to this lawsuit, because she "has reached the age of majority." Id. at 1; Doc. No. [148], 1 ("Defendants do not oppose substituting Jane Doe II as the sole named plaintiff in this case.").

But it is **DENIED** as to keeping Jane Doe I and John Doe as plaintiffs. Doc. No. [142], 1. Even though they may recover costs incurred when Jane Doe II was a minor, they "did not bring such an action." See Simmons by Simmons v. Nissan N. Am., Inc., CV206-103, 2007 WL 9710845, at *1–*2 (S.D. Ga. Aug. 10, 2007) (explaining how "the right to recover" certain costs under Georgia law "in a tort action is vested solely in the child's parents" (citing O.C.G.A. § 19-7-2)). Indeed, the only claims asserted in the Amended Complaint were those "for injuries suffered by Jane Doe II and asserted by her parents, [Jane Doe I and John Doe], on her behalf." Doc. No. [51], 2 n. 2.

*Second*, Higgins and Beiner's motions are **DENIED IN PART AS MOOT** over qualified immunity. See Doc. No. [92-1], 9–10 (seeking qualified immunity for Higgins); Doc. No. [93-1], 15–16 (same for Beiner). The 42 U.S.C. § 1983 claims

2

against Higgins and Beiner turn on "deliberate indifference." See Doc. No. [131], 6 (conceding so for Higgins (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1313 (11th Cir. 2001))); Doc. No. [130], 9 (same for Beiner (citing Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013))). And a "finding of deliberate indifference precludes a finding of qualified immunity." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994) (citation omitted).

*Third*, the three motions to exclude testimony at trial are **DENIED AS MOOT** because, as explained below, no claim survives summary judgment. See Docs. Nos. [94]; [106]; [107]. Indeed, the § 1983 claims against each defendant, and the Title IX claim against Founding Fourteen, are **DISMISSED WITH PREJUDICE**.

I. **BACKGROUND**

Robert Vandel, a teacher at Founding Fourteen, sexually harassed Jane Doe II, a student. Doc. No. [129-1], ¶ 43 (detailing how Vandel inappropriately touched and talked to Jane Doe II). In the aftermath, Jane Doe II brought claims against (A) Higgins, the principal who hired Vandel, (B) Beiner, the principal who supervised Vandel when he abused Jane Doe II, and (C) Founding Fourteen.

When Higgins hired Vandel, Jane Doe II argues she "knew of Vandel's prior sexual battery charges." Doc. No. [131], 7. These charges were ultimately dropped. Doc. No. [117-3], 4. And Vandel's teaching license was reinstated. Doc. No. [131-1], ¶ 4 (acknowledging Vandel disclosed the suspension to Higgins). In any event, Jane Doe II also points toward alleged warnings from Higgins to colleagues about Vandel—after she hired him. See Doc. No. [131], 7 (citing Doc. No. [118] (Deposition of Ashley Stinger)); see also Doc. No. [131-1], ¶ 4 (suggesting, after Higgins hired Vandel, "Higgins warned assistant principals . . . that Vandel had a suspension on his teaching certificate due to allegations brought against him by students at a previous middle school").

When Beiner supervised Vandel, he received reports about Vandel making inappropriate comments toward, or inappropriately touching, three fellow employees. Doc. No. [130-1], ¶ 36 (surveying three alleged interactions between Vandel and colleagues—not students). Jane Doe II concedes Beiner, during his first two years, did not receive any similar reports about Vandel. Id. ¶¶ 8, 13.

And in her claims against Founding Fourteen, Jane Doe II argues three points. *First*, the actions of Higgins or Beiner are "deemed representative" of

4

Founding Fourteen. See Doc. No. [129], 21 (quoting Denno v. Sch. Bd. of Volusia Cnty., Fla., 218 F.3d 1267, 1276 (11th Cir. 2000)).

*Second*, Founding Fourteen had "a custom of inaction in response to sexual harassment of female students and staff, and a custom of disparate treatment [as] it relates to allegations of harassment against male students versus female students." Id. at 24. Jane Doe II argues so because when another principal at Founding Fourteen allegedly abused male students, there was a different response than when Vandel abused her. Id.

*Third*, another principal, Ashley Stinger, knew of allegations against Vandel for abusing students. See Doc. No. [129-1], ¶ 21 (suggesting so). Indeed, Stinger admits she received an email alleging Vandel was "targeting" a female student. Doc. No. [93-4], ¶ 11.

## II.   LEGAL STANDARD

The Eleventh Circuit uses this standard for summary judgment:

> We review a district court's ruling on [a motion] for summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party . . . . Summary judgment is appropriate when a movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

5

Daniels v. Executive Dir. of Florida Fish & Wildlife Conservation Comm'n, 127 F.4th 1294, 1301 (11th Cir. 2025) (first citing Signor v. Safeco Ins. of Ill., 72 F.4th 1223, 1227 (11th Cir. 2023); then citing Fed. R. Civ. P. 56(a)).

## III. ANALYSIS

### A. No § 1983 Claim Against Higgins

Higgins's Motion for Summary Judgment is **GRANTED IN PART** (Doc. No. [92]) because the § 1983 claim against her falls short. "To impose § 1983 liability based on a hiring decision, [Jane Doe II] must demonstrate that [Higgins] disregarded a known or obvious consequence of hiring" Vandel. Griffin, 261 F.3d at 1313. The "consequence" here would be sexual harassing students. See Doc. No. [131], 7–8 (arguing so).

This risk, however, was not "known or obvious" to Higgins. Griffin, 261 F.3d at 1313. Even assuming Higgins "knew of Vandel's prior sexual battery charges" (Doc. No. [131], 7)—evidence of which Higgins argues is inadmissible (Doc. No. [138], 8)[2]—that evidence is still not sufficient for two reasons.

---

[2] Jane Doe II seeks to file a sur-reply on this point. Doc. No. [147]. But this motion is **DENIED AS MOOT** because admissibility aside, Vandel's prior charges lack "merit." See Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987).

*First*, Jane Doe II "never demonstrated that [these past charges] had any merit." Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987) (holding that defendant was not on notice, in part, because the plaintiff failed to show past complaints of allegations "had any merit"). Indeed, the charges against Vandel were dropped. See Doc. No. [117-3], 4. Which presumably explains how Vandel's teaching license was reinstated. Doc. No. [131-1], ¶ 4.

*Second*, even if the charges against Vandel were valid, "'proof of a single incident of unconstitutional activity' . . . 'is not sufficient'" to show deliberate indifference. Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1312 (11th Cir. 2011) (citation modified). Moreover, the only other evidence Jane Doe II offers is Higgins's behavior, allegedly warning colleagues about Vandel, *after* she hired him. See Doc. No. [131], 7 (citing Doc. No. [118] (Deposition of Ashley Stinger)).

### B.   No § 1983 Claim Against Beiner

Beiner's Motion for Summary Judgment is **GRANTED IN PART** (Doc. No. [93]) because the § 1983 claim against him falls short, too. To hold Beiner, a supervisor, liable for the actions of Vandel, there must be, among other things, "a causal connection between actions of [Beiner] and the alleged constitutional deprivation" by Vandel. Doe v. Sch. Bd. of Broward Cnty., Fla., 604 F.3d 1248,

7

1266 (11th Cir. 2010) (quoting Hartley v. Parnell, 193 F.3d 1263, 1268 (11th Cir. 1999)); Doc. No. [130], 10 (conceding the same). This occurs if a "history of widespread abuse [put Beiner] on notice of the need to correct the alleged deprivation, and he [failed] to do so." Id. "[T]he abuse must be 'obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.'" Id.[3]

But Vandel's abuse of students, "the alleged constitutional deprivation," was *not* "obvious, flagrant, rampant and of continued duration." Id. Instead, there were no reports of Vandel abusing students. See Doc. No. [130-1], ¶¶ 8, 13, 36. The only reports to Beiner were those of Vandel allegedly making inappropriate comments toward, or inappropriately touching, three fellow employees. See id. ¶ 36 (surveying three alleged interactions between Vandel and colleagues—not students).

Troubling, yes. But not sufficient to put Beiner on notice of "widespread abuse"—"an extremely rigorous standard." Contrast Broward Cnty., 604 F.3d at 1266 (holding two prior allegations is not sufficient) with Valdes v. Crosby, 450

---

[3] An "custom or policy [resulting] in deliberate indifference to constitutional rights" can also show a "causal connection." Doe v. Sch. Bd. of Broward Cnty., Fla., 604 F.3d 1248, 1266 (11th Cir. 2010) (quoting Hartley v. Parnell, 193 F.3d 1263, 1268 (11th Cir. 1999)). But Jane Doe II has *not* argued so. See Doc. No. [130], 10; see also Doc. No. [139], 3 n.1 (highlighting the same).

F.3d 1231, 1244 (11th Cir. 2006) (holding the opposite given thirteen complaints in a year and a half, coupled with ongoing warnings); see also Hackett v. Fulton Cnty. Sch. Dist., 238 F. Supp. 2d 1330, 1349 (N.D. Ga. 2002) ("[A] teacher's harassment of another teacher cannot be considered sufficient to put the principal on notice that the teacher may be committing sexual misconduct against students." (citing Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 291 (1998))).

### C. Founding Fourteen

Founding Fourteen's Motion for Summary Judgment is **GRANTED** (Doc. No. [94]) because neither the § 1983 claim nor the Title IX claim pass muster.

#### 1. Section 1983

For two reasons, Founding Fourteen cannot be liable under § 1983. *First*, even assuming "the actions of [Higgins or Beiner are] fairly deemed to represent government policy," Denno, 218 F.3d at 1276, their actions did not violate the Equal Protection Clause. See supra Section III.A (Higgins); Section III.B (Beiner). Accordingly, if Higgins and Beiner are not liable under § 1983, neither is Founding Fourteen for the actions of those principals. Denno, 218 F.3d at 1276.

*Second*, Jane Doe II only points toward one incident—when another principal at her school allegedly abused male students—to argue a custom

exists. See Doc. No. [129], 24 (seeking to prove "a custom of inaction in response to sexual harassment of female students and staff, and a custom of disparate treatment [as] it relates to allegations of harassment against male students versus female students"). But "isolated incidents are insufficient to establish a custom" "so well-settled and pervasive that it assumes the force of law." Id. at 1277 (citation modified).

### 2. *Title IX*

And Founding Fourteen is not liable under Title IX, which requires "actual notice" of Vandel's "misconduct" to a principal at Founding Fourteen. Broward Cnty., Fla., 604 F.3d at 1254–56 (quoting Gebser, 524 U.S. at 277). But, again, as discussed above, neither Higgins nor Beiner knew Vandel was abusing *students*. See supra Section III.A (Higgins); Section III.B (Beiner); see also Hackett, 238 F. Supp. 2d at 1349 ("[A] teacher's harassment of another teacher cannot be considered sufficient to put the principal on notice that the teacher may be committing sexual misconduct against students." (citing Gebser, 524 U.S. at 291)). Moreover, the report to Principal Stinger was about Vandel "targeting" another student. See Doc. No. [93-4], ¶ 11. Actual notice under Title IX, however, "requires an allegation of sexual harassment—a generalized allegation of other

10

misconduct, or even abuse, is not enough." DeMarcus v. Univ. of S. Alabama, 133 F.4th 1305, 1315 (11th Cir. 2025) (citing Gebser, 524 U.S. at 281).

## IV. CONCLUSION

For these reasons, the Court **ORDERS** the following. *First*, the Motion to Substitute Parties (Doc. No. [142]) is **GRANTED IN PART** and **DENIED IN PART**. The Clerk of Court is **DIRECTED** to amend the caption to reflect Jane Doe II as the only plaintiff. *Second*, Higgins and Beiner's Motions for Summary Judgment (Docs. Nos. [92]; [93]) are **DENIED IN PART AS MOOT** over qualified immunity. *Third*, the Motions to Exclude Testimony at Trial (Docs. Nos. [94]; [106]; [107]) are **DENIED AS MOOT**. *Fourth*, Jane Doe II's Motion to File Sur-Reply (Doc. No. [147]) is **DENIED AS MOOT**. *Fifth*, Founding Fourteen's Motion for Summary Judgment (Doc. No. [94]) is **GRANTED**.

IT IS SO ORDERED this 30th day of September, 2025.

_____
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**

11